IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00105-MEH

ANDREW LYNN JOHNSON,

    Plaintiff,

v.

JOE PELLE,
REVADA FARNSWORTH, and
BRUCE HAAS,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on June 22, 2015.**

    Plaintiff's Motion for Class Certificate [sic] [filed June 22, 2015; docket #38] is **denied without prejudice**. Although not altogether clear, the Court liberally construes Plaintiff's motion as a request for class certification. First, Plaintiff's allegations in the operative pleading (docket #19) do not state, or even mention, any claims on behalf of a "class." Second, a prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Tenth Circuit Court of Appeals has held that, while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).