IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00105-MEH

ANDREW LYNN JOHNSON,

      Plaintiff,

v.

JOE PELLE,
REVADA FARNSWORTH, and
BRUCE HAAS,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on July 16, 2015.**

      Before the Court are Plaintiff's Request for Expert Witness [filed July 15, 2015; docket #41], and Plaintiff's Request for Appointment of Counsel [filed July 16, 2015; docket #42], which the Court construes as motions and **denies**.

      The Court previously denied motions from Plaintiff regarding the appointment of counsel and the appointment of an expert witness. *See* dockets ##27, 28; *see also* Order, docket #32. As then, the Court finds that, unlike in a criminal case, there is no legal or constitutional right to counsel in a civil case. *See Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam) (civil litigants enjoy no constitutional rights to an attorney). The Court also reiterates that it finds no authority to appoint at government expense an expert to help a plaintiff in a civil suit for damages. *See* Order, docket #32. Further, the cases Plaintiff cites to in his current Motions do not stand for the proposition that a court need provide counsel or experts in a civil case.

      To the extent Plaintiff's Motion for Appointment of Counsel also seeks access to documents relevant to his case, the Court finds his request premature but notes he will be able to seek them through the formal discovery process as the case progresses. *See* Fed. R. Civ. P. 26.

      To the extent Plaintiff's Motion for Appointment of Counsel also contains general requests for access to legal research materials, the Court notes that it will not interfere with the jail protocols in providing such materials. While *Bounds v. Smith*, 430 U.S. 817, 828 (1977), cited by Plaintiff, holds that "the fundamental constitutional right of access to the courts requires . . . providing prisoners with adequate law libraries or adequate assistance from person's trained in the law," the Supreme Court has also held that general statements of inadequacy are not sufficient:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. . . . Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," . . . and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted).

As such, the Court will not prematurely act on Plaintiff's general concerns regarding legal research and will strike any further motions by Plaintiff seeking the appointment of counsel or experts unless filed upon request of the Court.