IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 15-cv-00105-MSK-MEH

ANDREW LYNN JOHNSON,

    Plaintiff,

v.

JOE PELLE,
REVADA FARNSWORTH, and
BRUCE HAAS,

    Defendants

---

## ORDER ON MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff has filed a Motion to Compel Discovery Response [filed November 2, 2015; docket #60], which has been referred to this Court for disposition [docket #62]. The matter is briefed to the extent permitted by court rules, and the Court finds that oral argument will not assist in adjudication of the motion. For the reasons that follow, the Court **denies** the Motion.

## BACKGROUND

    Plaintiff, a *pro se* prisoner, initiated this action on January 15, 2015 [*see* docket #1], and then filed the operative Amended Complaint at the direction of the Court on May 15, 2015 [*see* docket #19]. Plaintiff brings his case pursuant to 28 U.S.C. §1343 and 42 U.S.C. § 1983, alleging that Defendants denied him proper care for an acute dental problem while he was a pretrial detainee awaiting trial and being housed in the Boulder County Jail. Docket #19 at 3.

    In the present Motion, Plaintiff requests Defendants supplement their responses to a number of discovery requests that they search for and produce emails they have not produced, and that

Plaintiff be allowed either copies of the documents available on the Boulder County Sheriff Office's and Jail's public websites or that he be allowed to access the internet so he is able to download and review the material himself.

On September 9, 2015, Plaintiff submitted a document titled "Discovery Request." Docket #54. Defendants provided their response on October 5, 2015, and a supplemental response on October 9, 2015. *See* docket #64, exhs. A-B. Plaintiff then filed the pending Motion on November 2, 2015. Docket #60.

## DISCUSSION

### I. Legal Standard

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2012). Generally, the party objecting to discovery as irrelevant must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004).

### II. Analysis

The Court broadly construes relevancy, and a request for discovery is valid if it is possible that the information sought may be relevant to the claim or defense of any party. *Bonanno v. Quizno's Franchise Co.*, 255 F.R.D. 550, 552 (D. Colo. 2009). When the requested information

appears to be relevant, the party objecting to the discovery has the burden to establish the information is irrelevant by demonstrating the information does not come within the scope of relevance as defined by Fed. R. Civ. P. 26(b)(1), or is of such marginal relevance that the harm in producing the information outweighs the presumption in favor of broad disclosure. *Id.* (citing *Simpson*, 220 F.R.D. at 359). "Conversely, when the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs. Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003); *see also Bonanno*, 255 F.R.D. at 553.

First, however, the party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

The Court will thus analyze each of Plaintiff's challenges to the enumerated discovery responses.

A. <u>Interrogatory A12 to Defendant Pelle</u>

This interrogatory asked: "Who is the designated health care provider responsible for continuity of care for Andrew Johnson from admission to transfer or discharge from the Boulder County Jail?"[1] Docket #64, exh. 1 at 4. Defendant Pelle responded: "The jail maintains the medical

---

[1] For the sake of clarity, the Court throughout this Order has corrected Plaintiff's spelling errors; however, the Court has not made other grammatical or structural edits to its presentations of Plaintiff's interrogatories.

staff responsible for the inmates' medical needs during their incarceration." *Id*.

Plaintiff asserts the answer "avoids the question." Docket #60 at 2. Defendant Pelle responds that "the answer was sufficient because there is not a single health care provider who is solely responsible for either Plaintiff's or any other inmate's or detainee's care. The on-duty medical staff as a whole provides continuity of care for all inmates and detainees with medical problems. Outside medical providers are responsible for the service that they provide." Docket #64 at 2.

With that clarification from Defendant Pelle, the Court finds the answer is sufficient and no further information needs to be compelled. However, as long as Plaintiff has not exhausted his discovery, the Court will in the interest of justice allow Plaintiff to ask one additional interrogatory despite the discovery deadline having passed. In the additional interrogatory, Plaintiff may seek the identity of any dental care providers who were part of the "on-duty medical staff" during the relevant time period. Should Plaintiff choose to ask this interrogatory, he must do so on or before December 30, 2015.

        B.      <u>Interrogatory A13 to Defendant Pelle</u>

This interrogatory asked: "Who is the health authority or health services administrator that makes decisions about the deployment of health resources and the day-to-day operations of health services programs and assures detainees access to dental services at the Boulder County Jail?" Docket #64, exh. 1 at 4. Defendant Pelle responded: "The jail contracts with two physicians: Dr. Jeremiah Kaplan and Dr. Charles Davies. Revada Farnsworth is the Health Services Administrator. The jail also employs a dentist, a dental hygienist, mental health professionals, and many R.N.s and L.P.N.s who provide health services to the individuals incarcerated at the Boulder County Jail." *Id*.

4

Plaintiff asserts the answer "does not answer the question" as it does not provide information about "who makes decisions to deploy resources and services and assures access to dental services." Docket #60 at 3. Defendant Pelle responds that the answer was sufficient as it provided the identity of those persons generally responsible for deployment of health services. Docket #64 at 2.

The Court agrees with Defendant Pelle and finds no need to compel more information.

C.       Interrogatory A14 to Defendant Pelle

This interrogatory asked: "What is the chain of command to supervise the medical services and assures they are received, adequate in providing necessary care and accessible?" Docket #64, exh. 1 at 5. Defendant Pelle responded: "The medical staff is to ensure provision of medical and dental care of inmates. If an inmate has a complaint about that service and files a grievance, it will be investigated pursuant to jail policy numbers J1303 and J1506, Bates numbered BCSO-000057-69." *Id*.

Plaintiff asserts the answer is "vague and avoids the question" as the answer "should have names and their position in the chain of command." Docket #60 at 3. Defendant Pelle responds that the answer was sufficient as "chain of command refers to a line of authority in an organization" yet "does not exist for any particular medical service." Docket #64 at 3. Defendant Pelle continues:

> Responses to medical situations in the jail depend on a particular medical situation (i.e. emergency, long term care, whether inmate files a grievance about the care, etc.). Plaintiff claims the answer should have included names and positions of particular individuals, but Plaintiff did not request information about any particular decision, and therefore no names of specific individuals were responsive to the question.

*Id*.

With that clarification from Defendant Pelle, the Court finds the response is sufficient and no further information needs to be compelled.

5

D.   Interrogatory A16 to Defendant Pelle

This interrogatory asked: "Is it your responsibility in any way to assure implemented policy and practiced procedure provides sufficient medical care?" Docket #64, exh. 1 at 5. Defendant Pelle responded: "Sheriff Pelle objects to this request to the extent it calls for a legal opinion or conclusion. Without waving this objection, Sheriff Pelle states that correctional facilities are required to provided incarcerated persons with adequate medical care." *Id*.

Plaintiff asserts the answer "avoids the question" as the question does not ask for an opinion but "asks if in any way an action is his responsibility." Docket #60 at 4. Defendant Pelle responds that he answered a yes/no question appropriately and did his best to answer the question as he understood it. Docket #64 at 3.

The Court agrees with Defendant Pelle and finds no need to compel more information.

E.   Request for Production ("RFP") B1 to Defendant Pelle

This RFP read as follows:

I request access to all publically accessible information or digitally stored data contained on the Boulder County Sheriff's office or Boulder County Jail's website including but not limited to policy, procedure, medical contracts, jail expenditures, budget, mission statement, etc . . . . (would prefer digitally stored information provided through a thumb drive please). I request this material or electronically stored information because any member of the general public has access to this information without a court request for discovery, and I believe it will provide relative evidence to prove policy and procedure was deficient to meet policy and procedure, that it was reasonable for those implementing or continuing practice of that policy to know it was deficient, practices of providing outside dental care or instances which would show on expenditures.

Docket #64, exh. 1 at 7 (ellipses in original). Defendant Pelle responded:

"Sheriff Pelle objects to this request as over broad, unduly burdensome, and duplicative. Specifically, the Sheriff's office and Jail websites contain many documents and gigabytes of data regarding operations, policies, and other matters wholly irrelevant to the facts of this case and the allegations made in the complaint.

> Without waiving these objections, Sheriff Pelle has produced certain publicly accessible information from the Jail and Sheriff's Office websites and Bates numbered BCSO-000013-69. *See also* Requests for Production Nos. 2-16, of § F, *below*."

*Id.* at 7-8.

Plaintiff asserts the response is unfair because as a prisoner, he cannot narrow the scope of what to ask for as he does not know what is on the websites, and he is discriminated against because he is a prisoner while free people would have access to this information. Docket #60 at 5. Defendant Pelle responds that the information sought is irrelevant to the facts and allegations in the complaint and not likely to lead to discoverable evidence. *Id.* Defendant Pelle provided numerous documents in response to this RFP that he thought reasonably could be interpreted as relevant to Plaintiff's claims. *Id.* However, Defendant Pelle argues that Plaintiff bears the burden of showing that the information he requests is relevant and has shown no authority that would entitle him to internet access to search for unspecified publically available documents. *Id.*

Per *Hammond*, the Court agrees with Defendant Pelle and finds no need to compel more information.

F.  Request for Production ("RFP") B2 to Defendant Pelle

This RFP read as follows:

Any emails between Pelle's county email account and staff at the jail which mention or discussion Andrew Johnson or medical policy, procedure, or contracts (that do not violate the confidentiality of other inmates). I request these emails to prove Pelle had personal knowledge of the Jails, the failure of the facility to provide proper care and the delay in providing Andrew Johnson with care.

Docket #64, exh. 1 at 8. Defendant Pelle responded:

Sheriff Pelle objects to this request as vague, ambiguous, over broad, and unduly burdensome. Specifically, the request is unlimited as to scope and time frame. The majority of the information sought is irrelevant to facts and allegations in the

>  complaint, is not likely to lead to the discovery of admissible evidence, and is not likely to make any of the allegations in the complaint more or less probable. Additionally, Sheriff Pelle objects to this request to the extent it seeks information protected by the attorney client privilege. Sheriff Pelle reserves the right to supplement his response to this request upon Plaintiff sufficiently narrowing the scope of documents he has requested. Without waiving these objections, Sheriff Pelle has provided one email from the January to April 2014 time frame that discusses matters at issue in Plaintiff's complaint. *See* document Bates numbered BCSO-000084-89.

Id. at 8.

Plaintiff asserts the response is not over broad, and he would like the Court to review any responsive emails in camera in lieu of direct disclosure of the emails. Docket #60 at 8. Defendant Pelle responds that Defendants produced four emails regarding the Plaintiff which contain information from January to April 2014, the relevant time period fo Plaintiff's claims, and that "there are no other emails to or from any of the Defendants from this time frame and regarding the matters at issue in Plaintiff's complaint, i.e. the treatment and care he received for a dental issue under Jail policy." Docket #64 at 4.

With that explanation of the search that has already been undertaken and the responsive emails already provided – four in total for this RFP and others discussed below – the Court finds no need to compel further discovery.

> G.     Interrogatory D1 to Defendant Haas

This interrogatory asked: "Are you a supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of policy and procedure at the Boulder County Jail, and if so in what manner?" Docket #64, exh. 1 at 12. Defendant Haas responded: "Yes." *Id*.

Plaintiff asserts the response failed to answer the second part of the question as to "in what

manner." Docket #60 at 8.  Defendant Haas concedes that he missed the second part of the question and indicated he would provide a supplemental response within eight days of the filing of the Response to the this Motion.  Docket #64 at 5.

Thus, the Court finds no need to compel further discovery.

H.      Interrogatory D3 to Defendant Haas

This interrogatory asked: "Do you document meetings with inmates, and if so where?" Docket #64, exh. 1 at 12.  Defendant Haas responded: "All meetings with inmates are not documented." *Id*.

Plaintiff asserts the response failed to answer the second part of the question as to where he would document a meeting.  Docket #60 at 9.  Defendant Haas explains that the information regarding where an inmate is or may be documented was provided in his response to interrogatory D4.  Docket #64 at 5.  That response, in relevant part, reads: "If a meeting with an inmate was documented, it would be contained in an incident report, worksheet entry, or a reply to a grievance if there was a meeting pursuant to that situation."  Docket #64, exh. 1 at 13.

The Court finds that the response in D4 adequately provided the information Plaintiff sought in D3, thus there is no need to compel further discovery.

I.      Interrogatory D9 to Defendant Haas

This interrogatory asked: "Did the care provided meet the current standards of care for the dental profession?"  Docket #64, exh. 1 at 13.  Defendant Haas responded: "Chief Haas objects to the interrogatory as vague and irrelevant.  Chief Haas is not a dentist, has not received training in dentistry, and therefore is not qualified to form an opinion regarding the dental profession's standards of care." *Id.* at 14.

Plaintiff asserts the response fails to answer the question. Docket #60 at 9. Defendant Haas counters that the response was sufficient as he "has no knowledge regarding the dental profession's standards of care, and the phrase is undefined in the request." Docket #64 at 5.

The Court agrees with Defendant Haas and will not compel further response.

J.  RFP F1 to Defendant Haas

This RFP requested: "Any emails from his county email account which discuss Andrew Johnson or medical policy and practice which do not violate other inmates' confidentiality. To show Haas was personally aware of my medical condition and need for treatment." Docket #64, exh. 1 at 15. Defendant Haas responded:

> Chief Haas objects to this request as vague, ambiguous, over broad, and unduly burdensome. Specifically, the request is unlimited as to scope and time frame. The majority of the information sought is irrelevant to facts and allegations in the complaint, is not likely to lead to the discovery of admissible evidence, and is not likely to make any of the allegations in the complaint more or less probable. Additionally, Chief Haas objects to this request to the extent it seeks information protected by the attorney client privilege. Chief Haas reserves the right to supplement his response to this request upon Plaintiff sufficiently narrowing the scope of documents he has requested. Without waiving these objections, Sheriff Pelle has provided the following emails from the January to April 2014 time frame that discuss matters at issue in Plaintiff's complaint. *See* document Bates numbered BCSO-84-91.

*Id*. at 15-17 (referring to a list of 17 emails disclosed to Plaintiff).

Plaintiff asserts the response is not over broad, and he would like the Court to review any responsive emails in camera in lieu of direct disclosure of the emails. Docket #60 at 10. Defendant Haas did not specifically respond to this issue in his brief [*see* docket #64 at 5, which skips this issue]. However, based on Defendants' explanation of their search for email communications involving the relevant time period of Plaintiff's case [*see* docket #64 at 4], as well as from the production of 17 emails from a search specific to Defendant Haas [*see* docket #64, exh. 1 at 16-17],

the Court concludes there is no further need to compel.

  K.  <u>Interrogatory G8 to Defendant Farnsworth</u>

This interrogatory asked: "What was the cause of the length of time passed between Andrew Johnson's medical diagnoses and his receiving adequate care?" Docket #64, exh. 1 at 19. Defendant Farnsworth responded as follows:

> Ms. Farnsworth objects to this interrogatory as calling for a legal conclusion. Without waiving this objection, Ms. Farnsworth states that Plaintiff was referred by the Jail dentist to see an oral surgeon on March 26, 2014, and an appointment with a provider capable of performing extractions that Plaintiff indicated would accept his insurance was made on March 31, 2014, the appointment with his provider took place on April 4, 2014. *See also* responses to interrogatory no. 8, in § A, above, RFA no. 2, in § H, below, and documents Bates no. BCSO-000063-69, 84-91, 128, 174, 196.

*Id.*

Plaintiff asserts the response "avoids the question and is ambiguous" as he did not ask when he was referred but rather "what was the cause of the time passed between diagnosis and treatment." Docket #60 at 11. Defendant Farnsworth counters that the response was sufficient and did explain that "the time between diagnosis and treatment was a function of when a referral for treatment was made and when an oral surgeon was able to provide treatment." Docket #64 at 5.

The Court agrees with Defendant Farnsworth and will not compel further response.

  L.  <u>Interrogatory G10 to Defendant Farnsworth</u>

This interrogatory asked: "What care was provided and when?" Docket #64, exh. 1 at 20. Defendant Farnsworth responded as follows:

> Plaintiff received medication for his complained of pain, and was seen by a dental hygienist and dentist within the jail. On April 4, 2014, Plaintiff was seen by a dental professional at an off-site facility. On April 16, 2014, Plaintiff had his tooth

> extracted by Dr. Foley. *See also* responses to interrogatory no. 6, in § A, above, interrogatory no. 8, in this § G, and FRA no. 5, in § H, below, and documents Bates numbered BCSO-000070-83, 166-183.

*Id.*

Plaintiff asserts the response does not say when he was treated for dental pain, only that he was treated for pain. Docket #60 at 12. Defendant Farnsworth argues the response was sufficient "because the information regarding the treatment Plaintiff received for complained of dental pain can be readily ascertained from a review of the medical chart notes produced." Docket #64 at 5-6. Furthermore, Defendant Farnsworth indicated she would supplement the initial response to this interrogatory by "producing a copy of Plaintiff's Medication Administration Report from the relevant time period." *Id*. at 6.

The Court finds that the response adequately provided the information Plaintiff sought, and with the supplemental information Defendants agreed to produce, there is no need to compel further discovery.

M.    Interrogatory G14 to Defendant Farnsworth

This interrogatory asked: "Not including the statutorial co-pay fee for individuals in custody, who is responsible financially to assure the provision of medical services?" Docket #64, exh. 1 at 20. Defendant Farnsworth responded that "[u]ltimately the Jail is responsible for medical cost incurred by an inmate when it is not covered by insurance or Medicaid." *Id*.

Plaintiff asserts the response does not answer the question as he "would like to know who the Jail had provide these services in January." Docket #60 at 12. Defendant Farnsworth notes she did not understand Plaintiff was requesting the identity of a specific person, but she agrees "the interrogatory can be understood as requesting that information." Docket #64 at 6. Defendant

Farnsworth indicated she would supplement the initial response to this interrogatory within seven days. *Id.*

The Court finds with the supplemental information Defendant Farnsworth agreed to produce, there is no need to compel further discovery.

## **CONCLUSION**

Therefore, based on the foregoing and the entire record herein, it is hereby ORDERED that the Plaintiff's Motion to Compel Discovery Response [filed November 2, 2015; docket #60] is **denied**. However, as long as Plaintiff has not exhausted his discovery, the Court will in the interest of justice allow Plaintiff to ask one additional interrogatory despite the discovery deadline having passed. In the additional interrogatory, Plaintiff may seek the identity of any dental care providers who were part of the "on-duty medical staff" during the relevant time period. Should Plaintiff choose to ask this interrogatory, he must do so on or before December 30, 2015.

Dated at Denver, Colorado, this 16th day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge